BARNABAS P. HILL *vs.* JOSEPH W. NUTTER.

York.   Opinion December 28, 1889.

*Note.   Sale of personal property.   Record.   R. S., c. 111, § 5.*

In an action of trover for a horse the defendant claimed title by virtue of the following instrument:—

"Newfield, August 30, 1886. I agree to let Joseph W. Nutter have two tons English hay at $14 per ton delivered, and two tons of run hay at $7 per ton delivered, and pay him $10 per month for three months to come, September, October, and November, and $5, per month until I pay him $125 and interest, for a black mare that he lets me have, and said mare is to remain said Nutter's until she is paid for.   GEORGE SMITH."

*Held*, (1.)  That the instrument should have been recorded under the provisions of R. S., c. 111, § 5.   (2).   That it contains a "note" given for personal property bargained and delivered, within the meaning of the statute.

See *Cunningham* v. *Trevitt*, *ante*, *p.* 145.

ON EXCEPTIONS.

This was an action of trover for a horse taken by defendant from plaintiff's possession January 12, 1887, at Kennebunk. Defendant, in support of his title, offered in evidence the instrument which appears in the head-note.  This instrument was not recorded.   The plaintiff seasonably objected to its admission for want of record, and that he had no knowledge of its existence. The presiding justice overruled the objection and admitted it. The verdict was for defendant; and plaintiff excepted to the ruling of the court.

*Ira T. Drew*, for plaintiff.

*L. S. Moore*, for defendant.
Counsel cited:   *Morris* v. *Lynde*, 73 Maine, 88.

FOSTER, J.   Trover for a horse taken by the defendant from the plaintiff's possession.   The defendant in support of his title offered in evidence the instrument of August 30, 1886, given by George Smith to the defendant.   It was not recorded under the provisions of R. S., c. 111, § 5.   Exceptions were taken to its admission on the ground that it was not recorded, and that the plaintiff had no knowledge of its existence.

The statute provides that, "No agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee until the note is paid, is valid, unless it is made and signed as a part of the note; and no such agreement, although so made and signed in a note for more than thirty dollars, is valid, except as between the original parties to said agreement, unless it is recorded like mortgages of personal property   *   *   *."

The instrument upon its face shows that the transaction was a conditional sale of the horse upon the conditions specified.   It was a sale of personal property for which a note was given, if not within the letter certainly within the spirit of the statute, and

therefore a record of the same became necessary, to enable the defendant to hold the title to the horse, except as between the original parties to the agreement. In this case the plaintiff was not a party to the agreement, and claimed to have no knowledge of its existence. The instrument, we think, contained sufficient to embrace the word "note" within the meaning of the statute. It contained all the elements of a promise to pay, in property and money, a definite sum, and at definite times. And this court has said, in *Nichols* v. *Ruggles,* 76 Maine, 25, that it may well be doubted whether the construction of the statute is to be so limited as to apply only to such promissory notes as are recognized by the commercial law, and that it is certain that when used to express a promise to pay, whether in property or money, it is equally within the mischief to be prevented.

The delivery of the horse and the written instrument, it appears, were cotemporaneous. The case of *Morris* v. *Lynde,* 73 Maine, 88, cited by the plaintiff differs essentially in this respect from the case before us. There, the delivery of the property was made a long time subsequent to that of the written instrument; and it was held not to be a note given for the price of the property, within the meaning of the statute, but an order given for its future delivery, in which the terms of payment were specified.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.